# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LUIS PALLARES,

    Petitioner,

v.                                                                   No. 18-cv-546 MV/SMV

RICHARD MARTINEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Luis Pallares' 28 U.S.C. § 2254 habeas corpus Petition [Doc. 1]. Pallares asks the Court to vacate his state convictions for criminal sexual penetration based on, *inter alia*, ineffective assistance of counsel. *See id.* Having reviewed the matter sua sponte under Rule 4 of the Rules Governing 2254 Cases in the United States District Courts, the Court will require Pallares to show cause why his Petition should not be dismissed as untimely.

**I. Procedural Background**

The following procedural history is taken from the Petition [Doc. 1] and the state criminal docket, Case No. D-202-CR-2007-01932, which is subject to judicial notice. *See Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (stating that habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed"); *United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing that a court may take judicial notice of docket information from another court).

On January 26, 2010, Pallares pleaded no contest to two counts of first-degree criminal sexual penetration (child under age 13) and two counts of second-degree criminal sexual penetration (child aged 13 to 18). [Doc. 1] at 1. The state court sentenced him to 30 years imprisonment. *Id.* Judgment on the conviction and sentence was January 27, 2010. *See id.*; *see also State v. Pallares*, No. D-202-CR-2007-01932, CLS: Guilty Plea/Judgment (Jan. 27, 2010). Pallares did not appeal. [Doc. 1] at 2. The judgment therefore became final on March 1, 2010, the Monday following expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271–73 (10th Cir. 2001) (stating that for purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); Rule 12-201(A)(1)(b), NMRA (providing that a notice of appeal must be filed within 30 days after entry of judgment).

The state court reflects there were no filings by Pallares for over three years. *See Pallares*, No. D-202-CR-2007-01932, Docket Sheet. On October 31, 2013, he filed a motion for records/transcripts. The body of the motion indicates Pallares "seeks to secure post-conviction relief." The state court denied the motion on August 20, 2014. *See Pallares*, No. D-202-CR-2007-01932, Order (Aug. 20, 2014). Thereafter, Pallares filed a serious of state motions for reconsideration, records, and habeas relief. *See Pallares*, No. D-202-CR-2007-01932, Docket Sheet. The New Mexico Supreme Court denied certiorari review in connection with the most recent state habeas motion on March 23, 2018. *See id.*

On June 13, 2018, Pallares filed the federal § 2254 Petition. [Doc. 1]. He contends that trial counsel was ineffective and new evidence demonstrates he is innocent. *Id.* at 5–10. Pallares paid the $5 habeas fee, and the matter is ready for initial review.

## II. Initial Review of the § 2254 Petition

Rule 4 of the Rules Governing 2254 Cases in the United States District Courts requires a sua sponte review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Rules Governing 2254 Cases in the United States District Courts, Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ." *Id.* As part of the initial review process, "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period may be extended:

(1) While a state habeas petition is pending, *id.* § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, *id.* § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, *id.* § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, *id.* § 2244(d)(1)(D).

Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). And, in rare cases, a "credible

3

showing of actual innocence" can "overcome" the one-year limitation period. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

Here, the one-year period began to run on March 1, 2010, when the conviction became final. *See Locke*, 237 F.3d at 1271–73. There was no tolling activity during the next year, and one-year limitation period expired on March 1, 2011. Any state habeas petitions filed after that date did not—as Pallares may believe—restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the [one-year] deadline does not toll the limitations period."); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) ("[The § 2254] petitions cannot be tolled for time spent in state post-conviction proceedings because the applications for post-conviction relief were not filed until after . . . the end of the limitations period . . . ."). The § 2254 Petition filed on June 13, 2018 therefore appears to be time-barred.

The Court will require Pallares to show cause within 30 days of entry of this Order why his § 2254 Petition should not be dismissed as untimely. If Pallares concedes the point or fails to demonstrate grounds for tolling, the Court will dismiss this habeas action without further notice.

**IT IS ORDERED** that no later than **April 24, 2020,** Pallares must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**